```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY


ALRICK WAYNE FERGUSON,        :
                              :  Civil Action No. 12-5981 (AET)
           Petitioner,        :
                              :
           v.                 :  OPINION
                              :
BRIAN ELWOOD, et al.,         :
                              :
           Respondents.       :
```

**APPEARANCES:**

    ALRICK WAYNE FERGUSON, <u>Pro</u> <u>Se</u> Petitioner
    A# 30-721-392
    Monmouth County Correctional Institution
    1 waterworks Road
    Freehold, New Jersey 07728

    DAVID EDWARD DAUENHEIMER, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondents

**THOMPSON**, District Judge

    Petitioner Alrick Wayne Ferguson ("Petitioner"), an immigration detainee presently confined at the Monmouth County Correctional Institution in Freehold, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continuing detention without a bond hearing.  The sole proper respondent is Brian Elwood, Administrator at Monmouth County Correctional Institution, where

Petitioner is in custody.[1]  Because it appears from a review of the parties' submissions that Petitioner is entitled to the relief he seeks at this time, the Court will grant the petition, and direct an Immigration Judge to provide an individualized bond hearing.

## I.  BACKGROUND

Petitioner Alrick Wayne Ferguson is a native and citizen of Jamaica who was admitted to the United States, on or about September 20, 1974, as a lawful permanent resident alien. (Petition at pg. 6; Respondent's Declaration of David E. Dauenheimer, dated November 30, 2012 ("Dauenheimer Decl.") at exhibit 1A.)  On October 4, 2001, an order of protection was issued against Petitioner in a New York state court, ordering Petitioner to refrain from assaulting, stalking, communicating, and harassing a certain individual.  On October 22, 2002, Petitioner was convicted in the County Court of the State of New York, County of Dutchess, of the crime of Aggravated Criminal

---

[1] Petitioner also has named various remote federal officials as respondents.  The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held.  Accordingly, Administrator Elwood is the only properly named respondent in this action, and the other named respondents shall be dismissed from this action with prejudice.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

Contempt. It also was determined on that date that Petitioner had violated the October 4, 2001 order of protection by assaulting the named individual protected under that order. (Dauenheimer decl., Ex. 1A at pg. 3.) Several years later, on January 26, 2004, Petitioner was convicted in the District Court Department, Leominster Division, State of Massachusetts, for possession of a Class B Substance (cocaine) and possession of a Class D Substance (marijuana). (Id., Exs. 1C and 1D.)

On September 30, 2010, a Notice to Appear ("NTA") was issued charging Petitioner as subject to removal under the Immigration and Nationality Act ("INA") § 237(a)(2)(E)(ii), as an alien who at any time after entry into the United States has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that protection order. (*Id.*, Notice to Appear, Ex. 1A.) On January 13, 2012, Petitioner was served with the September 30, 2010 NTA and was taken into custody by the United States Department of Homeland Security ("USDHS") Immigration and Customs Enforcement ("ICE").

Respondent states that, on January 13, 2012, Petitioner was granted an initial bond of $20,000.00 by the Supervisory Deportation Officer. (*Id.*, Ex. 1A at pg. 4.) However, on September 24, 2012, the Immigration Judge vacated the bond,

finding Petitioner to be subject to mandatory detention. (*Id.*, Ex. 1F.) Thereafter, on October 11, 2012, two additional charges of removability were lodged against Petitioner, pursuant to INA §§ 237(a)(1)(A) and 237(a)(2)(A)(iii), based on Petitioner's 2004 controlled substance convictions. (*Id.*, Ex. 1C.) Petitioner's removal proceedings were still pending at the time Respondent filed an answer to the petition, and this Court has not been informed of any change in Petitioner's detention status as of this writing.

Petitioner alleges that he was taken into custody on January 13, 2012, and has remained in ICE custody throughout that time. Petitioner filed this habeas petition on or about September 25, 2012. Respondent filed an answer to the petition, together with the relevant immigration record, on December 3, 2012. (Docket entry no. 15.)

## II. RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be

4

removed from the United States is pending.  The statute provides,

> (a) Arrest, detention, and release
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole; but
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

(Emphasis added.)

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

5

>    (B) is deportable by reason of having committed any offense
>    covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C),
>    or (D) of this title, ...
>    when the alien is released, without regard to whether the
>    alien is released on parole, supervised release, or
>    probation, and without regard to whether the alien may be
>    arrested or imprisoned again for the same offense.

(Emphasis added).  Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

### III. ANALYSIS

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).  Accordingly, this Court has subject matter jurisdiction

6

over the Petition under § 2241 because petitioner was detained within its jurisdiction in the custody of ICE at the time he filed his petition, *see Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), and because he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and therefore violates his due process rights, *see Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir.2005).

    B. Statutory Authority for Petitioner's Detention

    Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) based on the 2002 and 2004 convictions because ICE did not immediately place him into custody when he was released from jail on those allegedly removable offenses more than ten years ago. Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody "any alien who ... (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A) (iii), (B), (C), or (D) of this title, ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same

7

offense." 8 U.S.C. § 1226(c)(1)(B)(emphasis added). Petitioner argues that district courts have interpreted the term "when ... released" under Section 1226(c) to mean that ICE is required to immediately detain an alien upon release from criminal incarceration. Respondent, however, argues that the language "when ... released" is ambiguous on this issue, and under a *Chevron* analysis, *see Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of this language as decided in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001). In the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole. 23 I. & N. Dec. 117 at 122. Accordingly, Respondent argues that the Petitioner is subject to mandatory detention based on his past violations of enumerated offenses in Section 1226(c) even though Petitioner was released from incarceration for those offenses many years ago.

Moreover, Respondent asks this Court to reject its own recent decision, *Dimanche v. Tay-Taylor*, Civil No. 12-383 (AET),

8

2012 WL 3278922 (D.N.J. Aug. 9, 2012), which was premised on the very same arguments made in this action. This Court finds no reason to depart from its prior decision in *Dimanche* herein.

The proper statutory authority governing Petitioner's detention depends on interpretation of "when ... released" under Section 1226(c). Although the courts within this District have reached varying conclusions on the question of whether Section 1226(c) should apply to aliens who have been released for many years for those offenses enumerated in the statute, the vast majority of courts have held the statutory language, "when ... released," is not ambiguous and the plain meaning of this language is that "when" means "immediately" after release from incarceration. *See Balfour v. Shanahan,* No. 12-6193, 2013 WL 396256 (D.N.J. Jan. 31, 2013; *Nimako v Shanahan*, No. 12-4909, 2012 WL 4121102 (D.N.J. Sept. 18, 2012); *Cox v. Elwood*, No. 12-4403, 2012 WL 3757171 (D.N.J. Aug. 28, 2012); *Nunez v. Elwood*, No. 12-1488, 2012 WL 1183701, at *3 (D.N.J. April 9, 2012); *Parfait v. Holder*, No. 11-4877, 2011 WL 4829391, at *9 (D.N.J. Oct.11, 2011); *see also Christie v. El-Wood*, No. 11-7070, 2012 WL 266454 (D.N.J. Jan.30, 2012); *Beckford v. Aviles*, No. 10-2035, 2011 WL 3515933 (D.N.J. Aug.9, 2011); *Sylvain v. Holder*, No. 11-3006, 2011 WL 2580506 (D.N.J. June 28, 2011). *But see*

9

*Diaz v. Muller*, No. 11-4029, 2011 WL 3422856 (D.N.J. Aug.4, 2011) (finding the statutory language ambiguous, and following BIA's interpretation of the statute); *Espinoza-Loor v. Holder*, No. 11-6993, 2012 WL 2951642 (D.N.J. July 2, 2012) (same).

To reach the conclusion that those detainees who were not immediately detained should be afforded individualized bond hearings, district courts have relied on the first prong of the *Chevron* analysis. Under the first prong of a *Chevron* analysis, "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. Thus, those district courts cited above, as well as this Court in *Dimanche*, have held that it was Congress' clear intent for "when ... released" to mean immediately upon release. Therefore, these courts reason, reading the statutory language to mean "any time after" release would be contrary to Congressional intent as Congress could have expressly required custody "at any time after" or "regardless of when the alien is released." *See Parfait*, 2011 WL 4829391, at *5 (quoting *Alwaday v. Beebe*, 43 F. Supp.2d 1130, 1133 (D.Or. 1999); *Dimanche*, 2012 WL 3278922 at *2. Because these district courts have interpreted § 1226(c) to have a plain meaning, they have

10

declined to defer to the BIA's interpretation that "when" essentially means "any time after" release.  Although this Court does not presume to divine Congressional intent, the Court finds that under these circumstances where Petitioner is being detained by ICE for more than ten years after his release for an enumerated offense under Section 1227(a)(2)(B)(I), an individualized bond hearing is appropriate.  *See Dimanche, supra.*  Consequently, the Court shall order such relief.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Petitioner's petition for habeas relief pursuant to 28 U.S.C. § 2241, and directs that an Immigration Judge provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2). An appropriate Order follows.

*/s/ Anne E. Thompson*
Anne E. Thompson
United States District Judge

Dated: February 22, 2013

11